# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSEPH V ARALAR,

    Plaintiff,

v.                                                             Case No. 3:16-cv-146-J-32JBT

SCOTT MCRAE AUTOMOTIVE
GROUP, LLLP

    Defendant.

_____

**PETITION TO CONFIRM THE ARBITRATION AWARD**
**AND ENTER JUDGMENT**

Pursuant to sections 9 and 13 of the Title 9 of the United States Code, Defendant Scott McRae Automotive Group, LLLP (hereinafter "Defendant" or "SMAG"), acting through its undersigned counsel, hereby files this Petition to Confirm the Arbitration Award and Enter Judgment. In support thereof, Defendant states as follows:

**LEGAL STANDARD**

1.     "There is a presumption that arbitration awards will be confirmed." *E*Trade Securities, LLC v. Nash*, No. 8:12-CV-1766-T-17TBM, 2013 WL 944926, at *2 (M.D. Fla. Mar. 12, 2013) (citing *Frazier v. CitiFinancial Corp., LLC,* 604 F.3d 1313, 1323 (11th Cir.2010)). "Federal courts should defer to an arbitrator's decision whenever possible, giving great deference to arbitration awards." *Id.* (citing *Kostoff v. Fleet Securities, Inc.,* 506 F. Supp. 2d 1150 (M.D. Fla.2007)). "The party moving to vacate bears the burden of refuting every rational basis on which the arbitrator could have

1

relied." *Id.* (citing *First Preservation Capital, Inc. v. Smith. Barney, Harris Upham & Co., Inc.,* 939 F. Supp. 1559, 1564 (S.D. Fla.1996)).

2. "Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *See Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys. Inc.*, 665 F.3d 1091, 1094 n. 1 (9th Cir. 2011). Once an award is confirmed, it has the same force and effect as a judgment in a civil action, and may be enforced by any means available to enforce civil judgments. *Id.*

## FEDERAL COURT FILINGS

3. On February 17, 2016, Plaintiff Joseph V. Aralar (hereinafter "Plaintiff" or "Aralar") filed a Complaint with this Court alleging that SMAG had violated the overtime provisions of the Fair Labor Standards Act (hereinafter "FLSA"). Compl. ¶ 1, ECF No. 1. Defendant was not served, however, until March 11, 2016.

4. In his Complaint, Aralar requested: (i) a declaration that SMAG violated "the maximum hour provision of [the] FLSA"; (ii) an award of overtime compensation; (iii) "liquidated damages in an amount equal to the overtime award"; (iv) an award of attorneys' fees and costs; and (v) prejudgment interest. *Id.* at 6.

5. Defendant SMAG then filed, on March 31, 2016, a Motion to Compel Arbitration and Dismiss and Incorporated Memorandum of Law (hereinafter "Motion to Compel"). Mot. Compel, ECF No. 5. SMAG argued that the Court lacked subject matter jurisdiction, because Plaintiff Aralar signed an arbitration agreement (hereinafter, the

"Arbitration Agreement") (attached as "Exhibit A") during his term of employment with Defendant SMAG. *Id.* at 5.

6. The Arbitration Agreement provided:

Disputes subject to arbitration are all Disputes between the parties which may otherwise be brought in a court or before a governmental agency, whether or not arising out of or related to the Individual's application for employment, employment, or termination of employment with the Company, and whether or not arising before, during or after any employment relationship between the parties.

Ex. A, § 2.

7. The Motion to Compel was subsequently amended (hereinafter, the Amended Motion to Compel") to include the Arbitration Rules with the Arbitration Agreement. Am. Mot. Compel, ECF No. 6.

8. Plaintiff Aralar failed to timely respond to the Amended Motion to Compel, which prompted this Court to "sua sponte extend the time for Plaintiff to respond to the [A]mended [M]otion to [C]ompel." Order Extending Time 1, ECF No. 8.

9. Then, on May 13, 2016, Plaintiff Aralar filed Plaintiff's Notice of Withdrawal of Objection. In which, he withdrew any objection to the Amended Motion to Compel, and requested that "the proceedings be abated pending the outcome of the arbitration." Notice Withdrawal Objection 1, ECF No. 9.

10. This Court then stayed the federal case, pending arbitration, on June 6, 2017. Order Granting Stay 1, ECF No. 10.

## ARBITRATION FILINGS

11. More than six months later, on December 16, 2016, Plaintiff Aralar finally filed its Request for Arbitration (attached as "Exhibit B"). In the Request for Arbitration,

3

Mr. Aralar claimed that SMAG failed to pay him overtime in contravention of the Fair Labor Standards Act (hereinafter, the "FLSA") and the Florida Minimum Wage Act. Ex. B at 1.

12. The following month, on January 10, 2017, Defendant SMAG filed its Response to the Request for Arbitration. In the Response, SMAG detailed how service advisors are exempt from the FLSA overtime rules.

13. Then, on April 26, 2017, Defendant SMAG filed its Motion for Judgment on the Pleadings and its Memorandum in Support of the Motion for Judgment on the Pleadings (attached together as "Exhibit C").

14. SMAG made two arguments: (1) that there was no dispute as to whether Mr. Aralar was a service advisor, and service advisors are exempt from the FLSA overtime requirements; and (2) that Florida does not have its own statute mandating overtime pay. Ex. C at 7-12.

15. Plaintiff Aralar filed his Response in Opposition to the Motion for Judgment on the Pleadings (attached as "Exhibit D") (hereinafter "Response") on June 1, 2017. The Response was several weeks late and did not even acknowledge that the FLSA exempts several categories of employees from the overtime rules. The Response also agreed that Plaintiff Aralar was a service advisor.

16. Fifteen days after the response was filed, on June 15, 2017, Arbitrator Robert L. Cowles issued his Order on the Motion for Judgment on the Pleadings (attached as "Exhibit E"). The Order granted SMAG's Motion for Judgment on the Pleadings. Ex. E at 1.

17. The Arbitrator then issued an Interim Arbitration Award (attached as "Exhibit F") the following day. The Interim Arbitration Award stated:

> [(a)] On the claim of JOSPEH ARALAR against SCOTT MCCRAE GROUP, [LLLP], the Arbitrator finds in favor of SCOTT MCCRAE GROUP, [LLLP], and against JOSEPH ARALAR. SCOTT MCRAE GROUP, [LLLP] is the prevailing party.
>
> [(b)] The case will remain open for thirty (30) days for any requests for attorneys fees or costs which SCOTT MCRAE GROUP might file, in the event of any entitlement thereto.
>
> [(c)] This Award is in full settlement of all claims submitted to this Arbitration, except those which might remain in Paragraph [b] above.
>
> [(d)] All claims of Claimant not expressly granted herein are hereby denied.

Ex. F at 2.

## REQUESTS FOR FEES AND COSTS

18. On April 24, 2017, prior to filing the Motion for Judgment on the Pleadings, Defendant SMAG filed its Request for Payment of Fees and Costs (attached as "Exhibit G") (hereinafter, the "First Request"). The motion sought attorneys' fees for Plaintiff Aralar's violations of the Arbitration Agreement.

19. Rule 3(B) of the Arbitration Agreement, which is the provision of the Arbitration Agreement that Mr. Aralar violated, provides:

> If a party who has agreed to arbitrate claims under this procedure files or causes to be filed in court . . . a complaint alleging a claim or cause of action which is subject to arbitration under this procedure, the defendant/respondent will notify the party or the party's attorney . . . of the existence of the Arbitration Agreement, and request that the case be dismissed or stayed. If the party does not move to dismiss or stay the action within [ten] 10 calendar days of service, and the [Defendant] successfully moves to dismiss or stay the case and refer it to arbitration, the defendant/respondent may submit a request for payment of fees and

costs to the Arbitrator, who shall award to the [Defendant] and against the party the [Defendant's] reasonable costs and attorneys fees incurred because of the filing of the complaint.

20. As stated above, Plaintiff Aralar originally filed this case in the District Court for the Middle District of Florida. *See* Compl. Pursuant to the Arbitration Agreement, Defendant's Counsel sent a letter to Plaintiff's Counsel (attached as "Exhibit H"), notifying him of the Arbitration Agreement, the fee provision, and the requirement that the case be stayed or dismissed within ten (10) days. *See* Ex. H.

21. Neither Plaintiff nor his Counsel responded to the letter, which prompted Defendant SMAG to file its Motion to Compel Arbitration. The Motion to Compel Arbitration was subsequently granted. Order Granting Stay 1.

22. On May 9, 2017, Plaintiff submitted his Response to the First Request (attached as "Exhibit I"). Plaintiff simply argued that fees and costs could only be awarded as sanctions. Ex. I, ¶ 4 ("The case law is clear that attorney's [*sic*] fees in arbitration are only available as sanctions for frivolous claims."). This, of course, contravenes well-settled precedent: arbitration agreements can provide for awards of fees and costs. *White Springs Agric. Chem., Inc. v. Glawson Inv. Corp.*, 660 F.3d 1277, 1281 (11th Cir. 2011).

23. Two days later, on May 11, 2017, Arbitrator Cowles entered the Order on Respondent Duval Motors at the Avenues' [*sic*] Request for Fees and Costs (attached as "Exhibit J"), in which he took the request under advisement.

24. Later on, in response to the Order on the Motion for Judgment on the Pleadings, Defendant SMAG filed its Second Request for Payment of Fees and Costs

6

(attached as "Exhibit K") (hereinafter, the "Second Request") on July 13, 2017. The motion requested a ruling on the First Request and requested additional fees and costs pursuant to Arbitration Rule 15C, which provides:

> The prevailing party shall be awarded costs of the Arbitration, including filing fee, subpoena service and witness fees, deposition and hearing transcription costs and similar expenses, but not including expert witness fees unless the expert testimony was necessary to establishing or refuting liability and not including the items in paragraph B., above. In awarding costs and attorneys fees, the Arbitrator shall be governed by the applicable statutory and case law pertaining to the kind of claim being arbitrated. In the absence of an Award, each party shall be responsible for its own attorney's fees and costs.

25. Since Plaintiff Aralar did not timely reply, Arbitrator Cowles went ahead and filed its Order on Respondent's Request[s] for Payment of Fees and Costs (attached as "Exhibit L") (hereinafter, the "Order on Fees") on July 25, 2017. The Order on Fees granted the First Request and the Second Request and required the Defendant to file within seven (7) days an affidavit detailing the fees and costs. Ex. L at 2.

26. Two days after the Order on Fees was filed, on July 27, 2017, Plaintiff Aralar finally filed a response to the Second Request (attached as "Exhibit M"). The response mostly addressed topics that were not at issue, and when a relevant topic was addressed, the law was egregiously misstated.

27. On August 1, 2017, pursuant to the Arbitrator's Order on Fees, Defendant SMAG timely filed an affidavit (attached as "Exhibit N") (hereinafter "Mr. Bader's Affidavit") which detailed the costs and fees incurred by Defendant.

28. Then, on August 3, 2017, Arbitrator Cowles sent an email (attached as "Exhibit O") to both parties stating that he was not yet ready to rule on the matter of fees.

7

Ex. O at 2. So, he requested that Plaintiff Aralar respond to Mr. Bader's Affidavit and that Defendant SMAG reply to the Plaintiff's response to the Second Request. *Id.* The deadline to file both documents was August 22, 2017.

29.     Both parties replied to the email and stated that they would file by August 22, 2017. *Id.* at 1. Defendant SMAG filed its reply (attached as "Exhibit P") on August 22, 2017. Plaintiff Aralar, on the other hand, never submitted a response.

30.     Mr. Bader also submitted an amended affidavit (attached as "Exhibit Q") (hereinafter, the "Amended Affidavit") on August 22, 2017.

## FINAL ARBITRATION JUDGMENT

31.     Seven days later, on August 29, 2017, Arbitrator Cowles entered his Final Award (attached as "Exhibit R"). The Final Award, in part, provides:

> [(a)] The Interim Award of June 20, 2017 is incorporated herein by reference.
>
> [(b)] The [Defendant] is the prevailing party.
>
> [(c)] The [Defendant] is awarded reasonable attorneys' fees of $18,500.00, and taxable costs of $791.58, which is payable to [Defendant], by [Plaintiff] within thirty (30) days from the date of this Final Award.

32.     Nothing has been received in any form from Plaintiff Aralar or his counsel since the August 3, 2017 email.

WHEREFORE, Defendant respectfully requests that this Court confirm the Arbitrator's Final Award, including the award of fees and costs, and enter judgment in Defendant's favor.

Dated:  September 19, 2017.

/s/ *Nicholas A. Bader*
Nicholas A. Bader (FBN 55351)
BASS SOX MERCER
2822 Remington Green Circle
Tallahassee FL  32308
850.878.6404
nbader@dealerlawyer.com

Attorney for Scott McRae Automotive Group, LLLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Earl M. Johnson, Jr.,        jaxlawfl@aol.com


*/s/ Nicholas A. Bader*