**ROBERT COWLES, ARBITRATOR**

IN RE: BINDING ARBITRATION

JOSEPH ARALAR,
    Claimant,

v.

DUVAL MOTORS AT THE AVENUES, INC.,
    Respondent.

## RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Respondent Duval Motors at the Avenues, Inc. (hereinafter "Duval Motors" or "Respondent"), by and through its undersigned counsel, moves this Honorable Arbitrator to enter judgment on the pleadings in Respondent's favor, and against Claimant Joseph Aralar (hereinafter "Aralar" or "Claimant"), on Aralar's claim that he is owed overtime payment under the Fair Labor Standards Act (hereinafter "FLSA") and Florida law.

### PRELIMINARY STATEMENT

Claimant Aralar, in his Request for Arbitration, alleges that Respondent failed to pay him overtime for the period of May 9, 2014 to September 25, 2015. Req. for Arbitration ¶ 3 [hereinafter "RFA"]. Mr. Aralar, as a former sales advisor at Duval Motors, was never entitled to any overtime pay under Florida or federal law. Although the FLSA does mandate overtime payment for certain works, 29 U.S.C. § 207, service advisors are exempt from that mandate, 29 U.S.C. § 213(b). And, Florida does not have a statute requiring employers to pay overtime. Since the pleadings clearly indicate that Claimant Aralar was a service advisor, and he has no cause of action, this Honorable Arbitrator should find in favor of Respondent Duval Motors.

## FACTS AS DEMONSTRATED BY THE PLEADINGS

In support of its Motion, Respondent Duval Motors relates the following facts as demonstrated by the Request for Arbitration and the Response to the Request for Arbitration:

1. Claimant worked for the Respondent as a service advisor. RFA ¶ 5.

2. Respondent is a motor vehicle dealership. RFA ¶ 2.

3. Aralar alleges Respondent did not pay Aralar for overtime. RFA ¶ 3.

## GROUNDS FOR RELIEF

Claimant argues that he is entitled to the overtime pay, liquidated damages under the FLSA, attorneys' fees under the Arbitration Agreement, federal, and state law, and interest. RFA ¶ 7. As explained in the Memorandum, Claimant is not entitled to this relief, because he has no cause of action. Consequently, Respondent Duval Motors should be awarded attorneys' fees and costs, under the Arbitration Agreement (attached as "Exhibit A"):

1. Rule 15C of the Arbitration Agreement awards the prevailing party costs, attorneys' fees, and other fees. Rule 15C provides:

> The prevailing party shall be awarded *costs of the Arbitration, including filing fee, subpoena service and witness fees, deposition and hearing transcription costs and similar expenses*, but not including expert witness fees unless the expert testimony was necessary to establishing or refuting liability and not including the items in paragraph B., above. *In awarding costs and attorneys fees*, the Arbitrator shall be governed by the applicable statutory and case law pertaining to the kind of claim being arbitrated. In the absence of an Award, each party shall be responsible for its own attorney's fees and costs.

Arb. Agreement, Rule 15C.

2. If Respondent Duval Motors prevails on this motion, it will be entitled to costs, attorneys' fees, and other fees under Rule 15C of the Arbitration Agreement.

2

3. Respondent Duval Motors is also entitled to remuneration under Rule 3B of the Arbitration Agreement for the costs and attorneys' fees incurred because of the filing of the complaint in federal court. Rule 3B provides:

> If a party who has agreed to arbitrate claims under this procedure files or causes to be filed in court or state agency a complaint alleging a claim or cause of action which is subject to arbitration under this procedure, the *defendant/respondent will notify the party or the party's attorney* (if an attorney has entered an appearance) of the existence of the Arbitration Agreement, and request that the case be dismissed or stayed. *If the party does not move to dismiss or stay the action within 10 calendar days of service, and the defendant/respondent successfully moves to dismiss or stay the case and refer it to arbitration*, the defendant/respondent may submit a request for payment of fees and costs to the Arbitrator, who shall award to the defendant/ respondent and against the party the defendant/ respondent's reasonable costs and attorneys fees incurred because of the filing of the complaint.

Arb. Agreement, Rule 3B (emphasis added).

4. Claimant Aralar, on February 17, 2016, filed a Complaint for Damages and Jury Trial in the United States District Court for the Middle District of Florida. Comp., ECF No. 1. The Complaint was subsequently served on March 11, 2016 (attached as "Exhibit B").

5. On March 18, 2016, in accordance with Rule 3B, Duval Motors' counsel, by letter (attached as "Exhibit C"), informed Aralar's counsel about the existence of the Arbitration Agreement and demanded dismissal of the case.

6. Neither Aralar nor his counsel took action within ten days, as required by Rule 3B, so Respondent filed a Motion to Compel Arbitration and Dismiss on March 31, 2016. Mot. Compel, ECF No. 5 (attached as "Exhibit D"). The Motion was then amended on April 12, 2016. Am. Mot. Compel, ECF No. 6 (attached as "Exhibit E").

7. Aralar failed to respond to the Motion or Amended Motion within the allotted time, so the court *sua sponte* extended the time to respond to the Amended Motion to May 13, 2016. Order 2, ECF No. 8 (attached as "Exhibit F").

8.      Aralar finally responded on May 13, 2016, stating that he withdrew his objections to the Amended Motion. Resp. Am. Mot. 1, ECF No. 9 (attached as "Exhibit G").

9.      As a result, the court compelled arbitration and stayed the case pending arbitration. Order 1, ECF No. 10 (attached as "Exhibit H").

WHEREFORE, the Respondent, Duval Motors, respectfully requests this Honorable Arbitrator to grant this Motion for Judgment on the Pleadings and award Respondent its costs and attorneys' fees as provided in Rules 3B and 15C of the Arbitration Agreement.

Dated April 26, 2017.

        Respectfully submitted

        */s/ Nicholas A. Bader*_____
        Nicholas A. Bader
        BASS SOX MERCER
        2822 Remington Green Circle
        Tallahassee FL  32308
        850.878.6404
        nbader@dealerlawyer.com

        *Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy hereof has been furnished by electronic mail this 26th day of April, 2017 to

Earl M. Johnson, Jr., Esquire        jaxlawfl@aol.com

        */s/ Nicholas A. Bader* _____
        Nicholas A. Bader

4

**ROBERT COWLES, ARBITRATOR**

IN RE: BINDING ARBITRATION

JOSEPH ARALAR,
    Claimant,

v.

DUVAL MOTORS AT THE AVENUES, INC.,
    Respondent.

### RESPONDENT'S MEMORANDUM IN SUPPORT OF THE MOTION FOR JUDGMENT ON THE PLEADINGS

Respondent Duval Motors at the Avenues, Inc. (hereinafter "Duval Motors" or "Respondent"), by and through its undersigned counsel, submits this Memorandum in Support of the Motion for Judgment on the Pleadings. Claimant Joseph Aralar (hereinafter "Aralar" or "Claimant") requests payment of overtime compensation allegedly owed under the Fair Labor Standards Act (hereinafter "FLSA") and Florida law. However, Florida law contains no provision requiring an employer to pay overtime compensation, and the FLSA contains an exemption for service advisors. Therefore, this Honorable Arbitrator should grant Respondent's Motion for Judgment on the Pleadings.

### APPLICABILITY OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 8D of the Arbitration Agreement states that either party "may make use of any of the provisions under the Federal Rules of Civil Procedure . . . ." Arb. Agr., Rule 8D. It further states that "[i]t is the intent of the parties that the Arbitrator will be guided to the greatest extent possible by the Federal Rules of Civil Procedure in processing and resolving Disputes under this Agreement . . . ." *Id.* Thus, either party may submit a motion for judgment on the pleadings under Federal Rule of Procedure 12(c).

## STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The motion may be brought by a plaintiff or a defendant. *See Maryland v. Louisiana*, 445 U.S. 913 (1980). Judgment on the pleadings is appropriate when all admitted material facts in the pleadings demonstrate the moving party is entitled to a judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).

The standard applied mirrors the standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *E.g.*, *Dawley v. NF Energy Saving Corp. of Am.*, No. 6:07-CV-872-ORL-DAB, 2008 WL 4534263, at *1 (M.D. Fla. Oct. 6, 2008) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1947)); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Thus, "all material facts alleged in the non-moving party's pleading" are accepted as true, and those facts are viewed "in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne*, 140 F.3d at 1370); *see also Maxum Indem. Co. v. Fla. Const. Services, Inc.*, 59 F. Supp. 3d 1382, 1384 (M.D. Fla. 2014) (citing *Cunningham*, 592 F.3d at 1255)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335 (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). Here, there is no dispute as to the material facts.

Federal courts "have applied a 'fairly restrictive standard in ruling on motions for judgment on the pleadings.'" *Dawley*, 2008 WL 4534263, at *1 (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 at 222 (2004)). Meaning, materials outside of the

pleadings should not be considered. *Id.* If they are considered, then the motion for judgment on the pleadings should be treated as a motion for summary judgment. *Id.* (citing Fed. R. Civ. Pro. 12(d)); *Komondy v. Gioco*, 59 F. Supp. 3d, 474 (D. Conn. 2014) (internal quotations omitted). For this purpose, the "pleadings" are considered "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009); *see also Dawley*, 2008 WL 4534263, at *1 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002). In this Arbitration, the Request for Arbitration and the Response to the Request for Arbitration would be the complaint and answer, respectively.

## ANALYSIS

Claimant Aralar alleges that Respondent Duval Motors has unlawfully refused to pay him overtime compensation, but Claimant Aralar has no cause of action. In his Request for Arbitration, he stated that he was entitled to overtime compensation under the FLSA and state law. However, the FLSA contains an exemption for salespersons and service advisors at motor vehicle dealers, and Florida has never enacted a law requiring overtime compensation.

**A. The FLSA Contains an Exemption for Service Advisors at a Motor Vehicle Dealership.**

As a general rule, employers have to provide additional compensation to employees who work more than forty hours a week. 29 U.S.C. § 207. However, in 1966, Congress enacted the following exemption for motor vehicle dealerships:

> The provisions of section 207 of this title shall not apply with respect to . . . any *salesman*, partsman, or mechanic *engaged in selling or servicing automobiles*, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers . . . .

7

29 U.S.C. § 213(b)(10)(A) (emphasis added). Congress also authorized the Department of Labor (hereinafter "Department") to "promulgate necessary rules, regulations, or orders" with respect to this provision. *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2122 (2016) (citing Fair Labor Standards Amendments of 1966, § 602, 80 Stat, 844).

The Department then "exercised that authority in 1970 and issued a regulation that defined the statutory terms 'salesman,' 'partsman,' and 'mechanic.'" *Id.* (citing 35 Fed. Reg. 5896 (1970) (codified at 29 CFR § 779.372(c)). This new rule, which was merely interpretive, defined "salesman" to mean "an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sale of the automobiles, trucks, or farm implements that the establishment is primarily engaged in selling." *Id.* (citing 29 CFR § 7789.372(c)(1) (1971)). The Department's interpretation excluded service advisors from the exemption. *Id.*

Three years after this interpretative rule was announced, the Fifth Circuit Court of Appeals, in *Brennan v. Deel Motors, Inc.*, 475 F.2d 1095 (5th Cir. 1973), rejected the Department's rule and concluded that service advisors were included in the statutory exemption.[1] The court did not strike down the rule, but it did state that the rule contravened section 213. In its discussion, the court stated that service advisors were "functionally similar to the mechanics and partsmen who service the automobiles. All three work as an integrated unit, performing the services necessary for the maintenance of the customer's automobile." *Id.* at 1097. And, in the absence of some clear intent to the contrary, the court would not "assume that Congress intended to treat employees with functionally similar positions differently . . . ." *Id.* at 1097-98.

---

[1] This ruling is binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); *Perez*, 774 F.3d at 1335 n. 6 ("Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.").

8

The majority of courts hearing this issue, since 1973, have ruled similarly. *E.g.*, *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446 (4th Cir. 2004) ("[W]e conclude that the Secretary's definition of 'salesman' is flatly contrary to the statutory text, and Walton's job duties demonstrate that he was an overtime-exempt employee under FLSA."); *Brennan v. N. Bros. Ford, Inc.*, No. 40344, 1975 WL 1074 (E.D. Mich. Apr. 17, 1975) ("[T]he spirit of § 13 (b)(10) is best fulfilled by recognizing the functional similarity of service salesmen to partsmen and mechanics which are both expressly exempted."); *Yenney v. Cass Cty. Motors Co.*, No. 76-0-294, 1977 WL 1678 (D. Neb. Feb. 8, 1977) ("Selling automotive servicing is implicit in and functionally equivalent to 'selling and servicing automobiles.'"); *Brennan v. Import Volkswagen, Inc.*, No. W-4982, 1975 WL 1248 (D. Kan. Oct. 21, 1975) ("Import Volkswagen's eight service advisers . . . were exempt from the overtime pay requirements . . . in that they were primarily engaged in selling automobile services and parts as contemplated by . . . 29 U.S.C. § 213(b)(10)."); *Clark & Day v. Palmen Motors*, No. 98-C-0548 (E.D. Wisc. 1988); *Thompson v. J.C. Billion, Inc.,* 294 P.3d 397 (Mont. 2013). All of these courts rejected the interpretive regulation and held that service advisors are covered by the exemption.

Last year, a similar case from California made it to the United States Supreme Court. *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117 (2016). "Five current and former service advisors brought . . . suit alleging that the automobile dealership where they were employed was required by the FLSA to pay them overtime wages." *Id.* at 2121. The Court accepted the case to determine whether service advisors were exempted from the overtime compensation rules in the FLSA. However, the Court only ruled on the validity of 29 CFR § 779.372(c), the Department regulation which states that service advisors are not included in the overtime exemption. The Court

9

held that the regulation was invalid, because it lacked "reasoned explication." *Id.* at 2127. The issue of interpretation was then remanded to the Ninth Circuit Court of Appeals. *Id.*

On remand, the Ninth Circuit determined that the exemption did not cover sales advisors. *Navarro v. Encino Motorcars, LLC*, 845 F.3d 925, 926-27 (9th Cir. 2017). Although the court recognized that a textual review of the statute includes service advisors within the exemption, the court determined that it was not Congress' intent to include service advisors. *Id.* at 933 ("The most natural reading of these statutes is not that Congress wanted to give legal effect to each literal category. Rather, Congress merely used expedient wording to avoid tedious repetition of surrounding text, with the expectation that courts would read the statutes sensibly."). This is the only case that has interpreted the exemption statute in a way that did not include service advisors within its scope. *See, e.g.*, *Deel Motors, Inc.*, 475 F.2d 1095 (binding decision in the Fifth and Eleventh Circuits).

Moreover, Justices Thomas and Alito have also concluded that the exemption statute clearly covers sales advisors. In *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117 (2016), Justice Thomas authored a dissent, which was joined by Justice Alito. Although both Justices agreed with the majority's decision to invalidate the Department's regulation, they dissented because the Court failed to decide whether the exemption statute covered service advisors, which was the expressed reason for hearing the case. *Id.* at 2129 (Thomas, J. dissenting). The dissent concluded that service advisors are covered by the exemption statute. *Id.* (Thomas, J. dissenting). The dissent provided the following reasoning:

> A service advisor, however, is not "primarily engaged in selling ... automobiles." § 213(b)(10)(A). On the contrary, a service advisor is a "salesman" who sells servicing solutions. *Ante,* at 2121. So the exemption applies only if it covers *not only* those salesmen primarily engaged in selling automobiles *but also* those salesmen *2130 primarily engaged in servicing automobiles.

> The exemption's structure confirms that salesmen could do both. The exemption contains three nouns ("salesman, partsman, or mechanic") and two gerunds ("selling or servicing"). The three nouns are connected by the disjunctive "or," as are the gerunds. So unless context dictates otherwise, a salesman can *either* be engaged in selling *or* servicing automobiles. Cf. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).
>
> Context does not dictate otherwise. A salesman, namely, one who sells servicing solutions, can be "primarily engaged in ... servicing automobiles." § 213(b)(10)(A). The FLSA does not define the term "servicing," but its ordinary meaning includes both "[t]he action of maintaining or repairing a motor vehicle" and "the action of providing a service." 15 Oxford English Dictionary 39; see also Random House 1304 (defining "service" to mean "the providing ... of ... activities required by the public, as maintenance, repair, etc."). A service advisor's selling of service solutions fits both definitions. The service advisor is the customer's liaison for purposes of deciding what parts are necessary to maintain or repair a vehicle, and therefore is primarily engaged in "the action of maintaining or repairing a motor vehicle" or "the action of providing a service" for an automobile.
>
> Other features of the exemption confirm that a service advisor is a salesman primarily engaged in servicing automobiles. Consider the exemption's application to a "partsman." Like a service advisor, a partsman neither sells vehicles nor repairs vehicles himself. See 29 CFR § 779.372(c)(2) (2015) (defining "partsman" as "any employee employed for the purpose of and primarily engaged in requisitioning, stocking, and dispensing parts"). For the provision to exempt partsmen, then, the phrase "primarily engaged in ... servicing" must cover some employees who do not themselves perform repair or maintenance. So "servicing" refers not only to the physical act of repairing or maintaining a vehicle but also to acts integral to the servicing process more generally.

*Id.* at 2129-30 (Thomas, J. dissenting).

In this case, Claimant Aralar's employment as a service advisor was covered under the section 213(b)(10)(A) exemption. The exemption statute only requires that the employer be a "nonmanufacturing establishment primarily engaged in the business of selling such vehicles," and that the employee be a salesman, partsman, or mechanic. 29 U.S.C. § 213(b)(10)(A). Duval Motors is a motor vehicle dealership. RFA ¶ 2. Under Florida law, motor vehicle dealers are nonmanufacturing establishments primarily engaged in the business of selling vehicles. Fla. Stat. § 320.27 ("'Motor vehicle dealer' means any person engaged in the business of buying, selling, or

11

dealing in motor vehicles or offering or displaying motor vehicles for sale at wholesale or retail, or who may service and repair motor vehicles pursuant to an agreement as defined in s. 320.60(1)."). Claimant Aralar has also admitted that he was a service advisor, RFA ¶ 1, and in the Eleventh Circuit, service advisors are considered "salesmen" under the exemption statute. *Brennan v. Deel Motors, Inc.*, 475 F.2d 1095 (5th Cir. 1973). Therefore, the claim for overtime compensation under the FLSA should be dismissed.

**B.  Florida Law Does Not Mandate the Payment of Overtime Compensation.**

Claimant Aralar also claims that he is entitled to overtime compensation under state law. More specifically, he alleges that he is owed overtime compensation under the Florida Minimum Wage Act and under the common law causes of action of conversion and quantum meruit. RFA ¶¶ 3-4. However, the Florida Legislature has never enacted a law requiring overtime compensation and no common law cause of actions exist in relation to overtime compensation. Since Claimant Aralar has not identified any law in Florida requiring overtime compensation, these claims should be dismissed.

## CONCLUSION

We respectfully request that the Honorable Arbitrator grant Respondent Duval Motors' Motion for Judgment on the Pleadings.

Dated April 26, 2017.

                                        Respectfully submitted

                                        */s/ Nicholas A. Bader*
                                        Nicholas A. Bader
                                        BASS SOX MERCER
                                        2822 Remington Green Circle
                                        Tallahassee FL  32308
                                        850.878.6404

nbader@dealerlawyer.com

*Attorneys for Respondent and SMAG*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished by electronic mail this 26th day of April, 2017 to

Earl M. Johnson, Jr., Esquire          jaxlawfl@aol.com

*/s/ Nicholas A. Bader* _____
Nicholas A. Bader