ROBERT COWLES, ARBITRATOR

IN RE: BINDING ARBITRATION

JOSEPH V. ARALAR,

    Complainant,

vs.

DUVAL MOTORS AT THE AVENUES, INC.,
a Florida Corporation,

    Respondent.

_____

## REQUEST FOR PAYMENT OF FEES AND COSTS

COMES NOW Duval Motors at the Avenues, Inc. (the "Respondent") and the Scott-McRae Automotive Group, LLLP ("SMAG") and submit this Request for Payment of Fees and Costs. In support thereof, Respondent and SMAG state as follows:

1. Complainant, Joseph V. Aralar (the "Former Employee") was at one time employed by the Respondent.

2. In connection with that employment, the Former Employee signed the Scott-McRae Automotive Group Arbitration Agreement (the "Arbitration Agreement") (attached as "Exhibit A").

3. The Arbitration Agreement reflects it "is intended to provide the exclusive means of resolving all Disputes, as defined below, which may arise between them." Ex. A., p. 1.

4. "Disputes" subject to arbitration are all disputes between the parties which may otherwise be brought in a court or before a governmental agency, whether or not arising out of or related to the individual's employment and include, but are not limited to, any statutory claim, and claims related to payment of wages and compensation. Ex. A. p.1¶2

5. The Scott-McRae Automotive Group Arbitration Rules were attached to and incorporated as part of the Arbitration Agreement signed by the Former Employee (the "Arbitration Rules") (attached as "Exhibit B").

6. In violation of the terms of the Arbitration Agreement, the Former Employee filed its Complaint for Damages and Jury Trial on February 17, 2016 in the United States District Court for the Middle District of Florida (the "Judicial Complaint") against Respondent's parent company, SMAG (attached as "Exhibit C").

7. The allegations contained in the Judicial Complaint were subject to the Arbitration Agreement.

8. Rule 3(B) of the Arbitration Rules provides a ten calendar day time period for parties that have agreed to arbitrate claims to request that any pending action be dismissed or stayed.

9. Counsel for the Former Employee was notified by letter dated March 18, 2016 that his client had agreed to the Arbitration Agreement and the Arbitration Rules and was given until March 29, 2016 to dismiss the Judicial Complaint (attached as "Exhibit D").

10. The March 29th deadline came and went without any action by the Former Employee to comply with the Arbitration Rules.

11. As a result of the Former Employee's violation of the Arbitration Rules, the Respondent and SMAG incurred significant attorneys' fees and expense.

12. In an effort to avoid litigation expense in District Court and to compel compliance with the Arbitration Agreement and the Arbitration Rules, on March 31, 2016, SMAG filed its Motion to Compel Arbitration and Dismiss and Incorporated Memorandum of Law (attached as "Exhibit E").

13. Then, on April 12, 2016, SMAG filed its Amended Motion to Compel Arbitration and Dismiss and Incorporated Memorandum of Law (attached as "Exhibit F").

14. It was not until May 13, 2016, long after the period provided in Rule 3(B) and the expense incurred by the Respondent and SMAG, that the Former Employee filed its Notice of Withdrawal of Objection.

15. In the event of violations of Rule 3(B) "the defendant/respondent may submit a request for payment of fees and costs to the Arbitrator, who shall award to the defendant/respondent and against the party the defendant/respondent's reasonable costs and attorneys fees incurred because of the filing of the complaint."

16. The Respondent and SMAG stand ready to prepare records to reflect the attorneys' fees and costs incurred.

WHEREFORE, Respondent and SMAG demand an award of attorneys' fees and costs resulting from Joseph V. Aralar's violation of the Scott-McRae Automotive Group Arbitration Agreement.

Dated April 24, 2017.

Respectfully submitted

*/s/ Nicholas A. Bader*
Nicholas A. Bader
BASS SOX MERCER
2822 Remington Green Circle
Tallahassee FL  32308
850.878.6404
nbader@dealerlawyer.com

*Attorneys for Respondent and SMAG*

**Exhibit G**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy hereof has been furnished by electronic mail this 24th day of April, 2017 to

    Earl M. Johnson, Jr., Esquire          jaxlawfl@aol.com

                                      */s/ Nicholas A. Bader* _____
                                      Nicholas A. Bader