# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSEPH V. ARALAR,

    Plaintiff,

v.                                          Case No. 3:16-cv-00146-TJC-JBT

SCOTT MCREA AUTOMOTIVE
GROUP, LLLP, A Florida Limited
Liability,

    Defendant.

_____

## O R D E R

    This case comes before the Court on two post-arbitration motions. Defendant Scott McRae Automotive Group, LLLP ("McRae")[1] filed a Motion to Confirm the Arbitration Award (Doc. 13), and Plaintiff Joseph V. Aralar ("Aralar") acknowledges the validity of the underlying award yet filed a Motion to Vacate the Arbitration Award regarding the award's associated attorneys' fees. (Doc. 14). McRae also filed a response to Aralar's motion. (Doc. 15). Upon review of these filings, the Court is now fully advised and rules as follows.

---

[1] The Complaint (Doc. 1) and several subsequent documents mistakenly refer to the Defendant as "McRea." "McRae" is used in the body of this Order.

## I. BACKGROUND

Aralar, who worked as a service advisor in McRae's automobile service center, brought suit against his employer under the Fair Labor Standards Act ("FLSA"), alleging unpaid overtime and back wages. (Doc. 1 at 1). Pointing to the arbitration agreement that Aralar signed as a condition of employment (Doc. 5-1), McRae filed a motion to compel arbitration and dismiss (Doc. 6). Most relevant for the present action, the arbitration agreement included the following language:

> If a party who has agreed to arbitrate claims under this procedure files or causes to be filed in court or state agency a complaint alleging a claim or cause of action which is subject to arbitration under this procedure, the defendant/respondent will notify the party or the party's attorney (if an attorney has entered an appearance) of the existence of the Arbitration Agreement, and request that the case be dismissed or stayed. If the party does not move to dismiss or stay the action within 10 calendar days of service, and the defendant/respondent successfully moves to dismiss or stay the case and refer it to arbitration, the defendant/respondent may submit a request for payment of fees and costs to the Arbitrator, who shall award to the defendant/ respondent and against the party the defendant/ respondent's reasonable costs and attorneys [sic] fees incurred because of the filing of the complaint.

(Doc. 6-1 at 3).

Following fits and starts from Aralar (Doc. 9), this Court granted McRae's motion to compel arbitration on June 6, 2016, and stayed the case pending the results of the arbitration. (Doc. 10).

On June 15, 2017, Arbitrator Robert Cowles ("Cowles") granted McRae's motion for judgment on the pleadings, noting that Aralar's job as a service advisor was exempt

from FLSA requirements.² (Doc. 13-5). On August 24, 2017, in accordance with the terms of the arbitration agreement,³ Cowles awarded McRae the sum of $19,291.58 to cover attorneys' fees and costs. (Doc 13-18). McRae filed a motion to confirm the arbitration award (Doc. 13), and Aralar filed an opposite motion to vacate the attorneys' fees from the award. (Doc. 14).

## II. STANDARD OF REVIEW

"The Congressional policy of promoting contractually imposed arbitration requires that courts do not intrude unnecessarily into questions settled by arbitration, lest the efficiency of the arbitration process be lost." Robbins v. Day, 954 F.2d 679, 682 (11th Cir. 1992). With that public policy rationale in mind, the Eleventh Circuit determined that "[j]udicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act ('FAA')." B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006) (citing 9 U.S.C. §§ 10–11). "The FAA presumes the confirmation of arbitration awards . . . and federal courts should defer to an arbitrator's decision whenever possible." Frazier v. CitiFinancial Corp., 604 F.3d

---

² Although an arbitrator need not state the rationale for his award, Cowles did so here. See Robbins v. Day, 954 F.2d 679, 684 (11th Cir. 1992) (holding that "arbitrators are not required to explain an arbitration award."). Cowles's analysis, in its entirety, reads as follows: "As a service advisor, Claimant ARALAR is not entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. Sec. 207, nor is he entitled to pay for overtime under Florida law. It is not within the power of the Arbitrator to make new law in the Eleventh Circuit." (Doc. 13-5).

³ One week after Aralar served notice of the suit—and in compliance with the agreement—McRae reminded Aralar that all disputes were subject to arbitration, and that Aralar had ten days to drop the suit. More than ten days passed, and Aralar did nothing. (Docs. 13-7 at 2; 13-8 at 1). This inaction permitted McRae, a year later, to request attorneys' fees. (Docs. 6-1 at 3; 13-12 at 1).

3

1313 (11th Cir. 2010). (citations omitted); Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011); AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 999 (11th Cir. 2007).

Previously recognized non-statutory grounds for vacatur—such as that the arbitration decision was arbitrary and capricious, violated public policy or evidenced manifest disregard for the law—are no longer viable. Frazier, 604 F.3d at 1321–24 (discussing generally Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008)). A court's authority to vacate an arbitration decision is narrowly limited to the four circumstances outlined in the FAA: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy—or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a); Frazier, 604 F.3d at 1321.

A petitioner does not clear the "high hurdle" required to vacate an award by "show[ing] that the [arbitrator] committed an error—or even a serious error." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010); see Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 572 (2013) ("[C]onvincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was arguably construing the contract . . . a court may not correct his mistakes under §10(a)(4).").

4

Rather, arbitration awards are presumed to be correct, and the burden to rebut this presumption is on the party requesting vacatur. Robbins, 954 F.2d at 684. Otherwise, the court must confirm the award. Hall Street Assocs., 552 U.S. at 587.

In addition to the statutory bases for vacatur outlined above, a court may modify an arbitration award for any of the following three reasons: (1) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (3) where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11; Frazier, 604 F.3d at 1321.

### III. ANALYSIS

Against this backdrop, the Court must consider Aralar's two reasons for vacating the attorneys' fees award. The first is that Cowles, as a matter of law, exceeded his authority by granting McRae's request for attorneys' fees (Doc. 14 at 2), and the second is that the original FLSA claims were meritorious, which inherently precludes awarding attorneys' fees. Id. at 5.

On the first point, Aralar cites to Perez v. Globe Airport Security Servs, 253 F.3d 1280 (11th Cir. 2001) for the proposition that "[t]he Eleventh Circuit has roundly rejected arbitration 'prevailing party' attorney's fee and arbitration costs sharing provisions that expose an employment plaintiff to a defendant's attorney's fees and costs." (Doc. 14 at 2). With this statement, Aralar appears to baldly assert that the

Eleventh Circuit does not permit fee-shifting following arbitration. This contention is specious for multiple reasons. First, Perez considered a mandatory fee-shifting provision, as opposed to the permissive, notice-based clause within the agreement governing this dispute. Id. at 1282. Second, Perez applied Title VII-specific language to an employment-discrimination matter, not the FLSA. Id. at 1285. Third, the Eleventh Circuit vacated Perez, thus nullifying any possible precedential value it ever conveyed. Perez v. Globe Airport Sec. Serv., Inc., 294 F.3d 1275 (11th Cir. 2002). Aralar's other citations in support of this contention are equally unavailing or irrelevant. He refers, for instance, to Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775 (11th Cir. 1993) to suggest that the granting of attorneys' fees in this case is contrary to public policy. (Doc. 14 at 2). Yet Brown was explicitly abrogated by Frazier, 604 F.3d at 1322, and vacatur for public policy purposes is no longer a recognized rationale.[4]

The Eleventh Circuit's position on this matter is unequivocal: the standard of review for attorneys' fees is the same as the review for the underlying award. See White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277 (11th Cir. 2011) (reviewing a motion to vacate an arbitration award and applying the "high hurdle" standard from Frazier, 604 F.3d at 1321). Indeed, in the context of post-

---

[4] In the alternative, Aralar proffers the curious contention that "an employee is limited to only $50.00 exposure in the arbitration process." (Doc. 14 at 4). (citing Tranchant v. Ritz Carlton Hotel Co., LLC, 2011 U.S. Dist. LEXIS 35099 (March 31, 2011 M.D. Fla.). Yet Tranchant concerned a motion to compel, not to vacate. Furthermore, the issue in Tranchant was whether a contractual provision was unconscionable—a matter not relevant in the instant case. Id. at *13.

6

arbitration attorneys' fees, the Eleventh Circuit held that "federal courts should defer to an arbitrator's decision whenever possible."[5] Id. (internal citation omitted). Such deference is possible here.

Aralar next argues that the lack of frivolous claims triggers a per se rule against the granting of attorneys' fees.[6] (Doc. 14 at 5). To bolster this assertion, he relies on Fox v. Vice, 563 U.S. 826 (2011) and Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 (1978). This reliance is unfounded. Fox concerned the means of parsing the costs associated with intermingled frivolous and non-frivolous claims in civil rights cases, as provided by 42 U.S.C. § 1988. Fox, 563 U.S. at 829. And Christiansburg, like Perez, dealt with a Title VII discrimination situation entirely distinct from the instant case.[7] Christiansburg Garment Co., 434 U.S. at 413.

The type of clear-cut imperative Aralar describes does not exist within the FAA. "As the Act makes clear, arbitration is a creature of contract. Parties must agree to

---

[5] In White Springs, the Eleventh Circuit noted that the award of attorneys' fees was, in part, appropriate because the arbitration agreement at issue provided for fee-shifting if certain qualifications were met. White Springs Agric. Chems., Inc., 660 F.3d at 1279. The agreement in the instant case features a similar type of provision.

[6] Aralar expended several pages within his motion to re-explain the merits of his FLSA claim. These arguments missed a procedural boat that sailed long ago. See Fowler v. Ritz-Carlton Hotel Co., LLC, 579 Fed. App'x. 693, 699, (11th Cir. 2014) (referring to this precise scenario, in which the claimant "spen[t] eleven irrelevant pages simply discussing the merit of their underlying claim. . . [This] ask[s] us to do what we may not—look to the legal merits of the underlying award.").

[7] As the Christiansburg Court explained, in such cases, "a district court may in its discretion allow an attorney's fee to the prevailing party."). Christiansburg Garment Co., 434 U.S. at 416.

7

arbitrate in the first instance, and may contractually limit or alter the issues to be presented to the arbitrators. . . . The FAA requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." Cat Charter, 646 F.3d at 843. (internal citation omitted). In this case, the parties contractually agreed to the possibility of fee-shifting if, ten days after the defendant reminded the plaintiff of the arbitration agreement, the plaintiff continued litigation. This is precisely what happened: Aralar failed to abide by the arbitration agreement by not withdrawing his suit within ten days of notice, and Cowles correctly enforced the relevant contractual terms.[8] Because Cowles's decision does not contravene any of the FAA's enumerated vacatur justifications, this Court cannot disturb it.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Joseph V. Aralar's Motion to Vacate the Arbitration Award (Doc. 14) is **DENIED.**

2. Defendant Scott McRae Automotive Group, LLLP's Motion to Confirm the Arbitration Award, including $19,291.58 in attorneys' fees (Doc. 13), is **GRANTED.**

3. No later than May 8, 2018, Defendant should submit a proposed form of judgment.

---

[8] A substantial portion of the arbitration fee award was premised on a separate provision that awards attorneys' fees to the prevailing party in the arbitration. (Doc. 6-1 ¶ 15). See also Docs. 13-17 and 13-18 (itemizing and awarding the fees).

8

**DONE AND ORDERED** in Jacksonville, Florida, the 17th day of April, 2018.

/s/ Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

mm
Copies:

Counsel of record